IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| OLIVER MCCANN, on behalf of himself and others similarly situated, | § § § | CIVIL ACTION NO. __19-1879__ |
| *Plaintiff*, | § § § | JURY TRIAL DEMANDED |
| v. | § § | |
| AMERICAN HOMES 4 RENT, L.P. | § § | COLLECTIVE ACTION |
| *Defendant*. | § § § | |

## COLLECTIVE ACTION COMPLAINT

1. American Homes 4 Rent, L.P. ("American Homes" or "Defendant"), a national property management and maintenance company doing business in the greater Houston area, violated the Fair Labor Standards Act ("FLSA") by forcing Plaintiff Oliver McCann ("Plaintiff" or "Mr. McCann") and similarly situated workers, to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendant is legally obligated to pay.

2. Mr. McCann worked for Defendant as a field inspector and was damaged by those illegal policies or practices. In short, Mr. McCann was denied the timely overtime compensation he was due under the FLSA. Mr. McCann brings this lawsuit on behalf of himself and all others similarly situated current or former field inspectors, to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

### I.   JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

1

4.      Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in Houston, Texas.  28 U. S. C. § 1391(b)(2).

## II.     THE PARTIES

5.      Mr. McCann worked as a field inspector for Defendant for approximately 2 years. He regularly worked in excess of 40 hours per week without receiving all the compensation he was due under the FLSA.  Plaintiff Oliver McCann's FLSA consent is attached as Exhibit A.

6.      The FLSA class of similarly situated employees consists of all current and former field inspectors, who were employed by Defendant during the three-year period preceding the filing of this Complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7.      Defendant American Homes 4 Rent is a domestic for-profit limited partnership with a principal place of business at 30601 Agoura Road, Suite 200L, Agoura Hills, California 91301, which is engaged in commerce in the United States and is otherwise subject to the FLSA. American Homes employed Plaintiff and Members of the Class within the meaning of the FLSA. American Homes may be served with process by serving its Registered Agent, C T Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## III.    BACKGROUND

8.      The preceding paragraphs are incorporated by reference.

9.      Defendant is a property management and maintenance company that provides renovated, single-family rental homes to its customers.  Defendant's website states that it prides itself on offering turnkey homes and dependable quality in great neighborhoods.  Defendant employs field inspectors to drive to various properties around the greater Houston area to survey and inspect the homes with prospective tenants and/or customers.  Each field inspector is assigned

certain tenants and is responsible for promptly responding to multiple tenants' questions and maintenance requests at all times during the week. Defendant's field inspectors are required to expend significant amounts of time driving to various job sites each week, including driving to pick up supplies or equipment to repair the homes. Additionally, the field inspectors are tasked with preparing "new tenant folders" and leasing paperwork with prospective tenants, as well as, mapping out routes, writing online reports, uploading pictures, and submitting the home information once inspections and walk-throughs are completed.

10. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per week. However, Defendant did not pay its field inspectors one and one-half times their regular rate for all hours in excess of 40 each week. Instead, Defendant only paid its field inspectors for up to 45 hours per workweek, despite Plaintiff and Members of the class working 60 hours or more per workweek. Plaintiff and Members of the Class are not paid any compensation for the hours work over the 45 hours per workweek.

## IV. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

*A. Defendant Failed to Properly Pay Regular and Overtime Compensation.*

11. The preceding paragraphs are incorporated by reference.

12. Plaintiff worked for Defendant as a field inspector, where he inspected and surveyed houses and performed walk-throughs with prospective tenants and/or customers. Plaintiff was responsible for preparing "new tenant folders" and leasing paperwork, mapping out routes, writing online reports, uploading pictures, and submitting such information once it was completed. Furthermore, Plaintiff's number was assigned to certain tenants, and he was required to promptly respond to such tenants' questions and maintenance requests, including on weekends and days off. Plaintiff expended significant amounts of time driving to various properties in a

company vehicle to meet with tenants, including to pick up supplies and equipment to perform repairs and maintenance services. During his employment, Plaintiff frequently worked five consecutive days during a workweek, Monday through Friday, and was sometimes required to work Saturday. In a workweek, Plaintiff often worked approximately 60 hours or more.

13. During Plaintiff's employment, Defendant paid him an hourly rate for all hours worked up to 45 hours per work week. For the hours worked in excess of 45 hours per week, Defendant would not pay Plaintiff for those hours, even though Defendant required the additional work performed by Plaintiff. Specifically, Plaintiff recalls the time period after Hurricane Harvey took place, when he was told by his manager to survey all the properties, despite most roads were still closed or flooded at that time. During that time, Plaintiff and other field inspectors were told to work long hours without compensation. However, when one of the field inspectors complained to management about working long hours without proper compensation, he was fired.

14. The FLSA and applicable regulations require that non-exempt individuals like Plaintiff and Members of the Class receive at least minimum wage for all hours suffered or permitted to work, as well as overtime compensation at a rate of 1.5 times their regularly hourly rate for all hours worked over 40 in a workweek. Defendant should have paid Plaintiff for 40 hours of regular pay and at least 15 hours or more of overtime compensation in a typical week, but Defendant failed to pay Plaintiff that amount.

15. By failing to pay Plaintiff as described above, Defendant has deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

**B.**     ***Defendant Willfully Violated the FLSA.***

16. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and

Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff.  Defendant failed to follow these rules when paying Plaintiff.

17. Defendant has or had a policy and/or practice of not paying its employees for all of the regular time and overtime they worked each week at the proper rate.  Defendant should have paid its employees overtime compensation at one and one-half times their regular rates for all hours worked in excess of 40 hours per workweek.

18. Defendant knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

### V.   FLSA COLLECTIVE ACTION ALLEGATIONS UNDER 29 U.S.C. § 216(B)

19. The preceding paragraphs are incorporated by reference.

20. Plaintiff is aware that Defendant's illegal pay policies or practices have been imposed upon Members of the Class.  Like Plaintiff, Members of the Class are employed by Defendant as field inspectors, who performed the same duties as Plaintiff, as described above.  As with Plaintiff, Members of the Class frequently worked substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

21. Upon information and belief, the Members of the Class are/were also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

22. Defendant's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice.  Specifically, upon information and belief, it is a policy and/or practice at Defendant to pay its employees for less than all the overtime hours that such workers are suffered or permitted to work.

As such, the Members of the Class are owed additional overtime compensation plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Plaintiff.

23. Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> **All current and former field inspectors who were employed by Defendant during the three-year period preceding the filing of this complaint.**

24. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

25. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VI.   CAUSES OF ACTION

26. The preceding paragraphs are incorporated by reference.

27. As set forth above, Defendant violated the FLSA with respect to Plaintiff and Members of the FLSA Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing properly compensate for overtime hours, as described above.  29 U.S.C. §§ 206, 207.

28. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked, as well as overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207, 216 (b).

29. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages, including overtime wages.  29 U.S.C. § 216(b).

30. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs.  *Id*.

## VII.   JURY DEMAND

31. Plaintiff demands a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court enter final judgment against Defendant American Homes 4 Rent L.P.:

1. damages for the full amount of unpaid wages due under the FLSA in favor of Plaintiff and Members of the Class;

2. damages for the full amount of unpaid overtime compensation due under the FLSA in favor of Plaintiff and Members of the Class;

3. an amount equal to unpaid wages, including unpaid overtime compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Plaintiff and Members of the Class;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 24th day of May 2019.                         Respectfully submitted,

By: /s/ Robert W. Cowan
Robert W. Cowan
Texas Bar No. 24031976
Katie R. McGregor
Texas Bar No. 24098079
BAILEY COWAN HECKAMAN PLLC
5555 San Felipe St., Suite 900
Houston, Texas 77056
Phone: 713-425-7100
Fax: 713-425-7101
rcowan@bchlaw.com
kmcgregor@bchlaw.com

*Attorneys for Plaintiff*