UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLIVER MCCANN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-1879 |
| | § | |
| AMERICAN HOMES 4 RENT, L.P., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Oliver McCann brought this collective action against his employer, defendant American Homes 4 Rent ("American"), for violation of the Fair Labor Standards Act ("FLSA"). He alleges that American unlawfully required him to work a significant number of unpaid overtime hours. Pending before the Court is American's Motion to Dismiss and Compel Arbitration, or in the Alternative, to Stay Proceedings. Dkt. 8. American's motion is based on an arbitration agreement McCann signed when American hired him. After careful consideration of the pleadings, the motion and response, the reply and the parties' submissions, and the applicable law, the Court **GRANTS** the motion to compel arbitration and dismisses this action without prejudice in favor of arbitration.

**Analysis**

### I. The Applicable Legal Standards

The Federal Arbitration Act ("FAA") permits an aggrieved party to file a motion to compel arbitration when an opposing "party has failed, neglected, or refused to comply

with an arbitration agreement." *Am. Bankers Ins. Co. of Fla. v. Inman*, 436 F.3d 490, 493 (5th Cir. 2006) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)); *see also* 9 U.S.C. § 4. FAA Section 4 provides that, when a party petitions the court to compel arbitration under a written arbitration agreement, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4.

In ruling on a motion to compel arbitration, the court first determines whether the parties agreed to arbitrate the particular type of dispute at issue. *JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007). "Answering this question requires considering two issues: '(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.'" *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012) (quoting *Conegie*, 492 F.3d at 598). Once a valid arbitration agreement is found, the FAA's "strong national policy favoring arbitration of disputes" applies, and "all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Wash. Mut. Fin. Group, L.L.C. v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004) (quotations omitted); *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002).

Here, the parties dispute only whether there is a valid agreement to arbitrate. American argues that there was such a valid agreement. On the other hand, McCann

argues that the parties' agreement to arbitrate is illusory due to a lack of mutual obligation, and is therefore unenforceable. Dkt. 12 at 6–13. McCann does not dispute that the arbitration agreement at issue, if valid, would cover the claims that are the basis of this suit. *See generally* Dkt. 12.

**II. Whether the Agreements are Illusory Due to a Lack of Mutual Obligation**

"In the context of stand-alone arbitration agreements, binding promises are required on both sides as they are the only consideration rendered to create a contract." *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005) (per curiam); *see also In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 424 (Tex. 2010). A promise is illusory if it does not bind the promisor, such as when the promisor retains the option to discontinue performance. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 849 (Tex. 2009). When illusory promises are all that support a purported bilateral contract, there is no mutuality of obligation, and therefore, no contract. *Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 301-02 (Tex. 2009).

McCann argues that the agreements are illusory because the American corporate employee handbook states that "the Company [American] reserves the right to change or revise policies, procedures, and benefits (other than the employment at will provision) without prior notice whenever we determine that such action is warranted." Dkt. 12 at 5. The Court disagrees. The case law is clear that, under the facts of this case, such language does not make McCann's agreement illusory. *See In re 24R, Inc.*, 324 S.W.3d 564 (Tex. 2010) (holding that a separate arbitration agreement was not made illusory because an employee manual stated that the employer could "revoke, change or supplement

guidelines at any time without notice"). The arbitration provisions are contained in a stand-alone agreement signed by McCann that is not part of the employee handbook. Here, as in *24R,* "the arbitration agreement makes no mention of the right to change its terms, nor does it mention or incorporate by reference the employee manual." *24R*, 324 S.W.3d at 567. Furthermore, the handbook clearly states that it is not an employment contract. Like the plaintiff's argument in *24R*, McCann's' argument rests on "whether the validity of the arbitration agreement is affected by language from a non-contractual employee policy manual." *Id.* As courts have held, "[a]lthough language in the employee handbook generally recognizes the existence of an arbitration agreement, the manual does not diminish the validity of the separate, stand-alone arbitration agreement." *Carrell v. L & S Plumbing P'ship, Ltd.*, Civ. Action H-10-2523, 2011 WL 3300067, at *3 (S.D. Tex. Aug. 1, 2011) (Rosenthal, J.). Accordingly, the Court finds that the arbitration agreement is not illusory, and is enforceable.

### III. Whether the Action Should be Dismissed or Stayed Pending Arbitration

Once a determination has been made that arbitration is appropriate, the next issue to address is whether the Court should dismiss all claims against American or stay the case pending arbitration. The decision whether to dismiss or stay a case when compelling arbitration is left to the broad discretion of the district court. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (a court may dismiss, rather than stay, a case when "*all* of the issues raised in the [suit] must be submitted to arbitration") (collecting cases); *Adam Techs. Int'l S.A. de C.V. v. Sutherland Global Servs., Inc.*, 729 F.3d 443, 447 n.1 (5th Cir. 2013) ("Although Section 3 of the Federal Arbitration Act

directs district courts to stay pending arbitration, we are bound by our precedent which states that dismissal is appropriate 'when *all* of the issues raised in the district court must be submitted to arbitration.'") (quoting *Alford*, 975 F.2d at 1164 (emphasis in original)). Here it is undisputed that all of McCann's claims against American are subject to arbitration. Accordingly, the Court finds that dismissal of McCann's claims is warranted.

## Conclusion

For the foregoing reasons, the Court **GRANTS** American's Motion to Dismiss and Compel Arbitration. Dkt. 8. Accordingly, this action is **DISMISSED** without prejudice and the Court **ORDERS** this case to arbitration pursuant to the terms of the parties' agreement.

SIGNED this day 19th day of March, 2020.

_____
George C. Hanks Jr.
United States District Judge